IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

EVER VILLALTA, §
§
Petitioner, §
§
v. § 1:26-CV-766-RP
§
CHARLOTTE COLLINS, *Warden, T. Don* §
*Hutto Detention Center*, FNU MARMOLEJO, §
*Supervisor, ICE Field Office,* §
§
Respondents. §

## ORDER

Before the Court is Petitioner Ever Villalta's ("Petitioner") Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241. (Dkt. 1). Petitioner, proceeding *pro se*, asks the Court to order Respondents Charlotte Collins, Warden, T. Don Hutto Detention Center, and FNU Marmolejo, Supervisor, Immigration and Customs Enforcement ("ICE") Field Office, Taylor, Texas (together, "Respondents") to release him from custody. Petitioner does not cite to a specific statutory provision in making that request, but the Court will construe Petitioner's request as invoking 28 U.S.C. § 2243, which instructs, in part, that:

> A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto.

The statute also directs that the person to whom the writ is directed shall return the writ "within three days unless for good cause additional time, not exceed twenty days, is allowed." 28 U.S.C. § 2243.

Petitioner alleges that, in aggregate, he has been detained for more than three years and eight months. (Pet., Dkt. 1, at 6). He also claims that, if removed, he faces the threat of persecution, torture, and spending the rest of his life in prison. (*Id.* at 3, 7). He asserts that he should be released

1

because his detention has been prolonged and because he deserves protection under the Convention Against Torture. (*Id.* at 7).

The Court will order Respondents to show cause as to why Petitioner's writ should not be granted within the next three days in accordance with § 2443. Given that this deadline would fall over the weekend, however, the deadline will be set for the following Monday.

**IT IS ORDERED** that the referral of this case to the United States Magistrate Judge Mark Lane, (Dkt. 2), is **VACATED** and that this matter be returned to the docket of the District Court Judge Robert Pitman.

**IT IS FURTHER ORDERED** that the Clerk of Court shall serve Respondent Charlotte Collins, Warden of T. Don Hutto Detention Center, with copies of the Petition, (Dkt. 1), and this Order, and such delivery by certified mail, return receipt requested, will constitute sufficient service of process.

**IT IS FURTHER ORDERED** that Respondents show cause in writing **on or before April 6, 2026**, as to why the Court should not grant Petitioner's Petition for Writ of Habeas Corpus. Petitioner may file a reply **on or before April 13, 2026**. Additionally, **on or before April 13, 2026**, either party may request a hearing to be scheduled after briefing is complete. Failure to request a hearing will constitute waiver of the opportunity for a hearing under § 2243.

**IT IS FINALLY ORDERED** that Respondents **SHALL NOT** (1) remove or deport Petitioner from the United States, or (2) transfer Petitioner to any facility outside the boundaries of the Austin Division of the Western District of Texas, until the Court orders otherwise or this case is closed. *See United States v. United Mine Workers of Am.*, 330 U.S. 258, 293 (1947) ("[T]he District Court had the power to preserve existing conditions while it was determining its own authority to grant injunctive relief."); *cf. Brownback v. King*, 592 U.S. 209, 218-19 (2021). This is not to be construed as a temporary restraining order but rather an exercise of the Court's inherent power to preserve its

ability to hear the case. *See Santiago v. Noem*, No. 3-25-CV-361-KC, 2025 WL 2606118, at \*2–3 (W.D.

Tex. Sept. 9, 2025) (collecting cases).

      **SIGNED** on April 1, 2026.

                  ROBERT PITMAN
                  UNITED STATES DISTRICT JUDGE